**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. PWG 16-0246** |
| | * | |
| **CALEB ANDREW BAILEY,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

**\*\*\*\*\*\*\***

**GOVERNMENT'S MOTION IN LIMINE
PURSUANT TO 18 U.S.C. § 3509 TO PERMIT THE OPTION OF CLOSURE
OF THE COURTROOM DURING THE VICTIMS' TESTIMONY**

Comes now the United States of America, by and through its undersigned counsel, and respectfully moves this Court, pursuant to 18 U.S.C. § 3509, to permit the option of closure of the courtroom, if one or more of the victims desires such closure, during their testimony.

This case involves, among other offenses, the defendant's sexual exploitation of the victims as well as witness tampering involving one of the victims. One of the minor victims is 17 years old, and another victim just turned 18 years old; however, both victims were minors at the time of the offenses. To prevent substantial psychological harm to the victims and to allow the victims to effectively communicate during their testimony at the trial, the government respectfully requests that the Court permit closure of the courtroom, if either of the victims desire, during the minor victims' testimony, pursuant to 18 U.S.C. § 3509(e). As set forth more fully below, these are substantial and compelling reasons for the relief that the government requests.

A victim of a crime has "[t]he right to be treated with fairness and with respect for the victim's dignity and privacy." 42 U.S.C. §10606(b)(1). When the victim is a child, the law provides additional stringent protections, including alternatives to live in-court testimony such as two-way closed circuit television or the videotaped deposition of the child. 18 U.S.C. § 3509. Section

3509(e) specifically allows for the closing of the courtroom for the duration of the child's in-court testimony:

> **Closing the Courtroom.**– When a child testifies the court may order the exclusion from the courtroom of all persons, including members of the press, who do not have a direct interest in the case. Such an order may be made if the court determines on the record that requiring the child to testify in open court would cause substantial psychological harm to the child or would result in the child's inability to effectively communicate. Such an order shall be narrowly tailored to serve the Government's specific compelling interest.

18 U.S.C. § 3509(e) (2001).

The United States Supreme Court has recognized that, while the press and general public have a constitutional right of access to criminal trials, that right is not absolute. *Globe Newspaper Co. v. Superior Court*, 47 U.S. 596, 603, 606 (1982). The circumstances in which the press and general public may be barred from a criminal trial are limited, however, and the justification for denying them access "must be a weighty one." *Id.* at 606. The Court in *Globe Newspaper* stated that, where the right of access is inhibited to prevent the disclosure of sensitive information, "it must be shown that the denial is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest." *Id.* at 607. The Court acknowledged that "safeguarding the physical and psychological well-being of a minor" has been recognized as a compelling interest but simply found that this interest did not justify a *mandatory* closure of the courtroom. *Id.* at 607-08. Instead, the trial court must determine on a case-by-case basis whether closure is necessary to safeguard the welfare of the juvenile. *Id.* at 608.

The factors to be considered by the court in making this case-by-case determination are: "the minor victim's age, psychological maturity and understanding, the nature of the crime, the desires of the victim, and the interests of the parents and relatives." *Id*. In this case, the witnesses

are victims of child pornography production and attempted production as well as grooming by the defendant. The victims were 15 to 17 years old at the time of the offenses.

Testimony at trial would include details of the sexual exploitation perpetrated on them by the defendant without the victims' knowledge. Further, the victims will have to review images and videos depicting lewd and lascivious displays of them.

These combined facts and circumstances support a finding that requiring the victims to testify in open court would cause substantial psychological harm to the victims or would result in the victims' inability to effectively communicate. These are compelling and legally justifiable reasons to close the courtroom during the child's testimony. *See, e.g., In re The Spokesman Review*, 569 F. Supp. 2d 1095, 1101 (D. Idaho 2008) (finding compelling interest supported closure of capital trial during testimony of minor victim where medical personnel who interviewed victim expressed concern that recalling details of crime in front of disinterested peers would cause victim undue embarrassment and possible psychological harm). As the government is only asking for this remedy for the duration of the victims' testimony, and only if the victims so desire, the Court's order would necessarily be narrowly tailored to serve the government's specific compelling interest.

Moreover, though not expressly listed as a factor in the statute, it is noted that the defendant will not be prejudiced by the closure since both he and his attorneys will be present in the closed and sealed courtroom at the time of the victims' testimony. Accordingly, to protect the privacy of, and prevent embarrassment and substantial psychological harm to, the victims, and in order for the victims to be able to effectively communicate, the government respectfully requests that the courtroom be closed and sealed from the public solely for the duration of the victims' testimony.

The courtroom should be closed to the members of the press, as well as to all persons not having a direct interest in this case. *See* 18 U.S.C. §3509(e).

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By: _____/s/_____
Jennifer R. Sykes
Thomas P. Windom
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

This is to certify that on March 10, 2017, a copy of the foregoing was served via electronic case filing upon the following:

William C. Brennan, Jr., Esq.
William Arnold Mitchell, Jr., Esq.
6305 Ivy Lane, Suite 700
Greenbelt, Maryland 20770

Counsel for Defendant Caleb Andrew Bailey

By: _____/s/_____
       Jennifer R. Sykes
       Assistant United States Attorney

5